Sneed, J.,
delivered the opinion of the Court.
This was a qui tarn action, brought by plaintiff against defendant, before ■ a Justice of the Peace of Scott county, by a warrant issued on the 13th day of October, 1868. There was judgment for the defendant, before the!Justice; and upon appeal to the Circuit Court, judgment was also for defendant, from which the plaintiff appealed. The action is founded upon the Code, 1237, which is in the words following: “No person shall turn, alter, or change a public road, unless by the order of the County Court, founded on the report of a jury, appointed and sworn, as in cases of locating new roads, under the penalty of five dollars, for each month such road remains turned out of its old course, to be recovered on summons before any magistrate, at the suit of any person who may sue for the same.
It appears that the defendant applied to the County Court for authority to change the road, and that he afterward turned the road so as to run around his field, and obstructed the old road by erecting fences and felling timber across it. But it seems from the testimony of Granville Duncan, who was overseer of the road, that defendant did not obstruct the old road until the County Court authorized him to do so, and until the court had accepted the new road made by defendant in lieu thereof. It is shown by parol that the County Court did not base its action on the report of a jury of view, but 'that it was announced by the Court to the defendant, *419 that if he would bring up any five men who would swear that said change was not prejudicial to the public, the same would be accepted. The defendant accordingly brought into Court the five men required, whose testimony being satisfactory, the Court thereupon accepted and ratified the change. It is shown, from the minutes of the Court, that, at the October Term, 1867, it was ordered by the Court that Isham Sharp have permission to change a second-class road, on his land, leading up Buffalo Creek;” that at the January, Term, 1868, it was ordered, “that Isham Sharp have the new road, as changed by him, completed against the first Monday in February nest, and that the old road be left open until the new road is completed;” that at July Term, 1868, it was ordered, “that the new road, as made by Isham Sharp around his farm, be established as the public highway, and the old road disannulled. The defendant, it seems, had authority, or thought he had authority, for his action in the premises, though it is shown that the change was not agreeable to the overseer and hands' upon said road. The Court is of opinion that this is not such a proceeding as requires that all the facts necessary to give the Court jurisdiction' should be recited in the judgment, and the judgment being valid in its face, can not be attacked in this collateral proceeding- and shown to be void by parol evidence. Any person feeling himself aggrieved by this judgment of the County Court, had his right of appeal, to have its errors reviewed and corrected. But it is clear that a judgment not void in its face can not be attacked in any collateral proceeding, and shown by parol to be a nullity. Hall v. Heffly, 6 Hum., 444; *420 Thacker v. Chambers, 5 Hum., 313; Britain v. Cowan, 5 Hum., 319; Witt v. Russey, 10 Hum., 208, et vide Mankin v. The State, 2 Swan, 206.
The judgment is affirmed.